**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
Alexandria Division

|  |  |
|---|---|
| JERSON MURILLO, and MARVIN MURILLO, individually and on behalf of all others similarly situated<br><br>*Plaintiffs,*<br><br>v.<br><br>AXIS HOSPITALITY CONSTRUCTION, LLC; UPLAND HOSPITALITY GROUP LLC; and VARGAS DEMO AND PAINT, LLC,<br><br>*Defendants.* | Case No.: |

**COLLECTIVE AND CLASS ACTION COMPLAINT**

Named Plaintiffs Jerson Murillo, and Marvin Murillo ("Named Plaintiffs"), individually and on behalf of others similarly situated (collectively "Plaintiffs"), by and through their undersigned counsel of record, hereby set forth this collective and class action against Defendants Axis Hospitality Construction, LLC; Upland Hospitality Group LLC; and Vargas Demo and Paint, LLC (collectively "Defendants"), and allege as follows:

**NATURE OF ACTION AND INTRODUCTORY STATEMENT**

1.      This action arises from various construction contracts between Defendant Axis Hospitality Construction, LLC and other Defendants to perform various construction and labor work on various hotel construction projects throughout the United States. Defendant Axis Hospitality Construction, LLC ("Defendant General Contractor") utilized Defendants Upland Hospitality Group LLC; and Vargas Demo and Paint, LLC ("Defendant Subcontractors") as labor brokers and/or subcontractors to provide labor to perform the requested work on the projects.

1

2.      All Defendants, collectively, employed and/or ratified practices of failing to pay their laborers, finishers, demolishers, painters, and other similar positions, for all hours worked and for overtime hours worked at the appropriate overtime rate, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, the Virginia Minimum Wage Act ("VMWA"), Virginia Code §§ 40.1-28.8 *et seq.*; the Virginia Wage Payment Act ("VWPA"), Virginia Code §§ 40.1-29 *et seq.*; and the Virginia Overtime Wage Act ("VOWA"), Virginia Code §§ 40.1-29.2 *et seq.*

3.      Plaintiffs consist of current and former laborers, finishers, demolishers, painters, or similar positions, who work or worked for Defendants in the United States and are or were compensated on an hourly basis. Throughout the relevant period, Defendants have maintained practices of failing to compensate Plaintiffs for all time worked and for all overtime compensation due to Plaintiffs for all hours worked over 40 each workweek at the appropriate overtime rate.

4.      Defendants, through their managers, are aware that Plaintiffs are completing this work and doing so without compensation. Defendants suffer or permit, and in fact require Plaintiffs to complete such work. Additionally, Plaintiffs routinely work 40 hours or more per week without being compensated at the proper overtime rate for hours worked over 40 per week.

5.      Defendant's practice of failing to compensate Plaintiffs for all time worked, including proper overtime compensation, violates Plaintiffs' rights under the FLSA, VMWA, VWPA, and VOWA.

6.      Plaintiffs bring this action for violation of the FLSA as a nationwide collective action, pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of the following class in the United States:

All individuals who were, are, or will be employed by Defendants in the United States as laborers, finishers, demolishers, painters, or other similar positions who

were not compensated for all of their hours worked, including, but not limited to, above forty (40) per week, and/or who were not paid overtime compensation at the proper overtime rate, within three (3) years prior to the commencement of this action, through the date of judgment or final disposition in this action.

7.      Defendants are liable for their failure to pay Plaintiffs for all work performed.

8.      Plaintiffs who elect to participate in this FLSA collective action seek compensation for all hours worked for Defendants. Plaintiffs additionally seek compensation at the appropriate overtime rate for all hours worked in excess of forty (40) per week, an equal amount of liquidated damages, prejudgment interest, and attorneys' fees and costs, pursuant to 29 U.S.C. § 216(b).

9.      Named Plaintiffs also bring this action, on their own behalf, and as representatives of similarly situated current, former or future laborers, finishers, demolishers, painters, or similar positions, employed by Defendants in Virginia, under the VMWA, VWPA, and VOWA.  Named Plaintiffs, who are Maryland residents and who worked for Defendants in Virginia, assert that they and the putative class, who work or worked in Virginia for Defendants, are entitled to compensation for all work performed for Defendants, whether the work week totaled greater or fewer than forty (40) hours, compensation at the appropriate overtime rate for all hours worked in excess of forty (40) per week, an equal amount of liquidated damages, treble damages, civil monetary penalties, prejudgment interest, and attorneys' fees and costs, pursuant to Virginia Code §§ 40.1-28.8, *et seq.,* and 40.1-29 *et seq.*, and 40.1-29.2 *et seq.*

10.     Plaintiffs seek class certification under Rule 23 of the Federal Rules of Civil Procedure for the following class of Defendants' employees in Virginia:

> All individuals who were, are, or will be employed by Defendants in Virginia as laborers, finishers, demolishers, painters, or other similar positions who were not compensated for all of their hours worked, including, but not limited to, above forty (40) per week, and/or who were not paid overtime compensation at the proper overtime rate, within three (3) years prior to the commencement of this action, through the date of judgment or final disposition in this action.

11.     Plaintiffs bring this lawsuit seeking monetary relief against Defendants on behalf of themselves and all others similarly situated in the United States (FLSA collective) or Virginia (VMWA, VWPA, and VOWA Rule 23 class) to recover, among other things, unpaid wages and benefits, liquidated damages, treble damages, civil monetary penalties, prejudgment interest, attorneys' fees, costs, and expenses pursuant to Virginia Code §§ 40.1-28.8 *et seq*., 40.1-29 *et seq.*, 40.1-29.2 *et seq.*, and 29 U.S.C. §§ 201, *et. seq*.

## JURISDICTION AND VENUE

12.     Plaintiffs bring this collective and class action against Defendants for violations of Virginia Code §§ 40.1-28.8 *et seq.*, 40.1-29 *et seq.*, 40.1-29.2 *et seq.*, and 29 U.S.C. §§ 201, *et. seq*.

13.     This Court has original subject matter jurisdiction over this action pursuant to 29 U.S.C. § 1331 and 29 U.S.C. § 216(b).

14.     Additionally, this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the pendent state law claims under the VMWA, VWPA, and VOWA because those state law claims arise out of the same nucleus of operative fact as the FLSA claims.

15.     This Court has jurisdiction over all Defendants because, upon information and belief, they are citizens of the United States, have sufficient minimum contacts in Virginia or otherwise intentionally avail themselves of the Virginia market so as to render the exercise of jurisdiction over them by the Federal and Virginia courts consistent with traditional notions of fair play and substantial justice.

16.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Defendants conduct business within the Eastern District of Virginia, and a substantial part of the events or omissions giving rise to these claims occurred in this District.

## COVERAGE

17.    At all relevant times, Defendants were employers within the meaning of the FLSA, 29 U.S.C. § 203(d), VMWA, VWPA, and VOWA.

18.    At all relevant times, Plaintiffs and all others similarly situated were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206, 207.

19.    At all times material to this action, Defendants were an enterprise engaged in commerce or the production of goods for commerce as defined by the FLSA, 29 U.S.C. §§ 203(s), 203(r), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000

## PARTIES

20.    Named Plaintiff Jerson Murillo is a resident of Germantown, Maryland; and Named Plaintiff Marvin Murillo is a resident of Gaithersburg, Maryland. Named Plaintiffs worked for Defendants in Virginia during the relevant time period.

21.    Named Plaintiffs are informed, believe, and allege, that Defendants, at all times hereinafter mentioned, were and are employers as defined in and subject to the FLSA, VMWA, VWPA, and VOWA, whose employees were and are engaged throughout this district and the Commonwealth of Virginia.

22.    Defendant Axis Hospitality Construction, LLC is a limited liability company organized under Ohio law, headquartered in Ohio, and has its principal place of business located at 1090 C Beecher Crossing N, Gahanna, Ohio 43230. According to its website, Defendant Axis

Hospitality Construction, LLC "is a leading hotel renovation company, serving clients across the country" and serves brands "like Marriott, Waldorf Astoria, Hilton, and Hyatt;" further, its services "are built upon a selective, loyal network of subcontractors and suppliers who travel the country with" it.[1]

23.     Defendant Upland Hospitality Group LLC is a limited liability company organized under Georgia law, headquartered in Georgia, and has its principal place of business located at 10945 State Bridge Rd., Ste. 401-423, Alpharetta, Georgia 30022.

24.     Defendant Vargas Demo and Paint, LLC is a limited liability company organized under Texas law, headquartered in Texas, and has its principal place of business located at 1106 Clayton Ln., Ste. 524W, Austin, Texas 78723.

25.     Defendants are enterprises engaged in commerce under the FLSA because material hereto they had an annual gross volume of sales more than $500,000.00.

26.     At all times relevant, Defendants were Named Plaintiffs' employer and the employer of all other similarly situated individuals as defined by the FLSA and applicable state law.

27.     Plaintiffs are informed, believe, and allege, that each Defendant acted in all respects pertinent to this action as the agent of the other Defendant, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendant pursuant to a joint employer relationship. Furthermore, Defendants in all respects acted as the employer and/or joint employer of Plaintiffs and the class members.

---

[1] ABOUT, *Axis Hospitality Construction*, https://www.axishc.net/about (last visited September 23, 2024).

28.     Plaintiffs are informed, believe, and allege, that each and all of the acts and omissions alleged herein were performed by, or are attributable to, all Defendants, acting as the agent or alter ego for each other, with legal authority to act on each other's behalf.  The acts of any and all Defendants were in accordance with, and represent, the official policy of all Defendants, collectively.

29.     At all relevant times, each Defendant acted within the scope of such agency or employment, or ratified each and every act or omission complained of herein.  At all relevant times, each Defendant aided and abetted the acts and omissions of all other Defendants in proximately causing the damages herein alleged.

30.     Plaintiffs are informed, believe, and allege, that each of said Defendants is in some manner intentionally, negligently or otherwise responsible for the acts, omissions, occurrences and transactions alleged herein.

31.     By acting as the Named Plaintiffs in this action, each Named Plaintiff, by including his or her name on the caption of this Collective and Class Action Complaint, affirms his or her written consent to participate as a plaintiff in a collective action to seek unpaid wages and damages under the FLSA and to act as class representatives for the Federal Rule 23 class claims alleged herein.

## FACTUAL ALLEGATIONS

32.     Defendants employ laborers, finishers, demolishers, painters, or similar positions for various hotel construction projects throughout the United States; including, upon information and belief, the following projects: (1) The Steward, Santa Barbara, a Tribute Portfolio Hotel (Santa Barbara, CA); (2) Joinery Hotel Pittsburgh, Curio Collection by Hilton (Pittsburgh, PA); (3) Waldorf Astoria Park City, Utah; (4) Courtyard Westin, FL; (5) The Beeman Hotel (Dallas, TX);

(6) Sheraton Norfolk, Virginia; (7) Hotel Madera Washington DC; (8) Marriott at Legacy Town Center - Plano, TX; (9) Renaissance Pittsburgh, PA; (10) Marriott Columbus, OH; (11) Fairfield Southaven, Mississippi; (12) Courtyard Gaithersburg, MD; (13) Hampton Inn Belmont, North Carolina; (14) Residence Inn Bethesda, MD; (15) Westfields Marriott Washington Dulles (Chantilly, VA); (16) Bed N Drinks South Beach - Miami Beach, Florida; (17) The Peaks Resort & Spa Telluride, CO; (18) Hyatt House Charlotte, North Carolina; (19) Marriott Cincinnati, OH; (20) Springhill Suites Dayton, Ohio; (21) Fairfield Elizabeth City, North Carolina; (22) Sheraton Des Moines, Iowa; (23) Residence Inn Easton - Columbus, OH; (24) ALOFT Charleston, SC; and (25) Homewood Suites Omaha, NE.[2]

33.     At all times relevant to the Complaint, Defendants were joint employers of Plaintiffs.

34.     At all times relevant to the Complaint, Defendant Axis Hospitality Construction, LLC was a General Contractor with a contractual relationship with Defendants Upland Hospitality Group LLC; and Vargas Demo and Paint, LLC and is liable to the Plaintiffs for Defendants Upland Hospitality Group LLC; and Vargas Demo and Paint, LLC's failure to pay Plaintiffs wages, proper overtime wages, and resultant damages.

35.     Defendant Subcontractors regularly retained time records for the work performed by Plaintiffs and promised to pay Plaintiffs for their work if they continued to work on the projects.

36.     Defendants jointly provided the equipment and material necessary to complete work on the projects to Plaintiffs.

---

[2] PROJECTS, *Axis Hospitality Construction*, https://www.axishc.net/gallery (last visited September 23, 2024).

37.     At all times relevant to the Complaint, each Plaintiff had an agreed upon wage-rate for each hour of work that they performed.

38.     Named Plaintiffs were employed and worked at Defendants' Westfields Marriott Washington Dulles (Chantilly, VA) project from approximately January 2023 to July 2023.

39.     Defendants compensate Plaintiffs on an hourly basis.  Defendants classify these employees as non-exempt under the FLSA.

40.     Defendants require Plaintiffs to work approximately ten (10) to twelve (12) hour shifts, six (6) or seven (7) days per week. In total, Plaintiffs work approximately sixty (60) to eighty-four (84) hours each week.

41.     During the relevant period, Defendants did not compensate Plaintiffs for all hours worked and, additionally, failed to pay Plaintiffs for all hours worked over 40 each workweek at the appropriate premium overtime rate of 1.5 times Plaintiffs' regular hourly rate.

42.     Defendants, through their actions, directives, and policies, mandated that Plaintiffs perform this unpaid work.

43.     Defendants' failure to compensate for all work performed, and for all overtime hours at the appropriate overtime rate, has affected all Plaintiffs similarly.

## FLSA COLLECTIVE ACTION ALLEGATIONS

44.     Named Plaintiffs bring the First Cause of Action of the instant Complaint as a collective action pursuant to 29 U.S.C. § 216(b), on behalf of themselves and all similarly situated employees.

45.     Members of the FLSA class are similarly situated.

46.     Members of the FLSA class have substantially similar job requirements and pay provisions, and are subject to common practices, policies, or plans that fail to compensate them

for all work performed and fail to compensate them at the appropriate overtime rate for all hours worked in excess of forty (40) per week.

47.     There are numerous (in excess of 50) similarly situated current and former laborers, finishers, demolishers, painters, or similar positions that fall within the scope of the aforementioned FLSA class.

48.     These similarly situated employees are known to Defendants, are readily identifiable, and can be located through Defendants' records. Members of the proposed FLSA class, therefore, should be permitted to pursue their claims collectively, pursuant to 29 U.S.C. § 216(b).

49.     Pursuit of this action collectively will provide the most efficient mechanism for adjudicating the claims of Plaintiffs.

50.     Named Plaintiffs consent in writing to assert their claims for unpaid wages under the FLSA pursuant to 29 U.S.C. § 216(b). Named Plaintiffs signed consent forms are filed with the Court as Exhibit A to this Complaint. As this case proceeds, it is likely other individuals will file consent forms and join as opt-in plaintiffs.

51.     Named Plaintiffs request that they be permitted to serve as representatives of those who consent to participate in this action, and that this action be conditionally certified as a collective action pursuant to 29 U.S.C. § 216(b).

## RULE 23 VMWA, VWPA, and VOWA CLASS ACTION ALLEGATIONS

52.     Named Plaintiffs bring the Second, Third, Fourth, and Fifth Causes of Action of the instant Complaint as a class action pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, on behalf of themselves and all similarly situated employees, for relief to redress and remedy Defendant's violations of the VMWA, VWPA, and VOWA Virginia Code

§§ 40.1-28.8 *et seq.*, 40.1-29 *et seq.*, and 40.1-29.2 *et seq.*

53.    Plaintiffs bring their state law counts for violations of the VMWA, VWPA, and VOWA as a class action pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, on behalf of themselves and all similarly situated employees, for relief to redress and remedy Defendants' violations of the VMWA, VWPA, and VOWA and failure to pay all wages due and owing pursuant to Defendants' written employment contract and/or compensation plan and/or Defendants' failure to pay full reasonable consideration for all compensable work duties performed for Defendants' benefit.

54.    Pursuit of this action as a class will provide the most efficient mechanism for adjudicating the claims of the Named Plaintiffs and the putative Class Members.

55.    Plaintiffs reserve the right to establish Subclasses, or modify any Class or Subclass definition, as appropriate.

56.    Members of the Class and/or any Subclasses will be collectively referred to as "class members."  Plaintiffs reserve the right to re-define the Class and add additional Subclasses as appropriate based on investigation, discovery and specific theories of liability.

57.    <u>Common Questions Predominate</u>: There is a well-defined commonality of interest in the questions of law and fact involving and affecting the proposed class, and these common questions of law and fact predominate over any questions affecting members of the proposed class individually, in that all putative class members have been harmed by Defendants' failure to lawfully compensate them.  The common questions of law and fact include, but are not limited to, the following:

(a)    Whether Defendants' failure to compensate putative Class Members for all time worked is in violation of the VMWA, VWPA, and/or VOWA;

(b)     Whether Defendants failed to compensate putative Class Members at the earned, accrued, and/or promised rate for all hours worked in excess of forty (40) each week;

(c)     Whether Defendants failed to compensate putative Class Members for all of their earned, accrued, and/or promised wages, including, but not limited to, straight time and overtime on their regular pay date, in violation of the VMWA, VWPA; and/or VOWA;

(d)     Whether Defendants required Plaintiffs and class members to work over eight (8) hours per day and/or over forty (40) hours per week and failed to pay them overtime compensation at the proper rate;

(e)     Whether Defendants failed to provide accurate itemized wage statements to Plaintiffs and class members; and

(g)     Whether Defendants' conduct was willful, reckless, or was done knowingly.

58.     There is a well-defined community of interest in this litigation and the proposed Class is readily ascertainable:

(a)     Numerosity:  The proposed class is so numerous that the joinder of all such persons is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.  While the exact number of class members is unknown to Named Plaintiffs at this time, upon information and belief, the class comprises at least 50 individuals.  The identities of the Class Members are readily ascertainable by inspection of Defendants' employment and payroll records.

(b)     Typicality: The claims of the Named Plaintiffs are typical of the claims which could be alleged by any member of the putative Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions.  All putative Class

Members were subject to the same compensation practices of Defendants, as alleged herein, of failing to pay employees for all time worked and for hours worked in excess of forty (40) each week at the appropriate hourly rate. Defendants' compensation policies and practices affected all putative Class Members similarly, and Defendants benefited from the same type of unfair and/or unlawful acts as to each putative Class Member. Named Plaintiffs and members of the proposed Class sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures.

(c)    Adequacy of Representation: Named Plaintiffs will fairly and adequately represent and protect the interests of all members of the Class because it is in their best interests to prosecute the claims alleged herein to obtain full compensation and penalties due them and the Class.  Plaintiffs' attorneys, as proposed class counsel, are competent and experienced in litigating large employment class actions and versed in the rules governing class action discovery, certification, and settlement.  Plaintiffs have incurred, and throughout the duration of this action, will continue to incur attorneys' fees and costs that have been and will be necessarily expended for the prosecution of this action for the substantial benefit of each class member.

(d)    Superiority: A class action is superior to other available means for the fair and efficient adjudication of this controversy.   Individual joinder of all class members is impracticable.  Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions engender.  Because the losses, injuries and damages suffered by each of the individual class members may be small for some in the sense pertinent to the class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual class members to

redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The cost to the court system and the public for the adjudication of individual litigation and claims would be substantially greater than if the claims are treated as a class action. Prosecution of separate actions by individual members of the proposed class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the class, establishing incompatible standards of conduct for Defendants, and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they are not parties. The issue in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can and is empowered to fashion methods to efficiently manage this action as a class action.

59.     Public Policy Considerations: Employers in the Commonwealth of Virginia violate employment and labor laws every day. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing actions because they believe their former employers might damage their future endeavors through negative references and/or other means. Class actions provide the class members who are not named in the complaint with a type of anonymity that allows for the vindication of their rights at the same time as affording them privacy protections.

60.     Pursuit of this action as a class will provide the most efficient mechanism for adjudicating the claims of Plaintiffs and members of the proposed class.

**FIRST CAUSE OF ACTION**
**Violation of the Fair Labor Standards Act**
**29 U.S.C. § 201, *et seq.***
**Brought by Named Plaintiffs on Behalf of Themselves and all Similarly Situated Employees**

61.     Plaintiffs hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

62.     At all relevant times, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. § 203.

63.     At all relevant times, Defendants have employed, and continue to employ, "employee[s]," including Plaintiffs, and each of the members of the prospective FLSA Class, that have been, and continue to be, engaged in interstate "commerce" within the meaning of the FLSA, 29 U.S.C. § 203.

64.     At all relevant times, Defendants have had gross operating revenues in excess of $500,000.

65.     The FLSA, pursuant to §§ 206 and 207, requires each covered employer, including Defendants, to compensate all non-exempt employees at a rate of not less than one and one-half (1.5) times the regular rate of pay for work performed in excess of forty (40) hours in a single workweek.

66.     At all relevant times, Defendants, pursuant to their policies and practices, failed and refused to pay for all hours worked by Plaintiffs and for hours worked over 40 each work week at the proper overtime rate.

67.     Defendants' failure to pay Plaintiffs for all hours worked and for hours worked over 40 each work week at the proper overtime rate, despite the fact that, upon information and belief, Defendants knew of their obligations under the law, entitles Plaintiffs to liquidated damages in an amount equal to the amount of unpaid wages under 29 U.S.C. § 216(b), since Defendants cannot show they acted in good faith, and a three (3) year, rather than two (2) year statute of limitations, since Defendants' acts constitute willful violations of the FLSA, within the meaning of 29 U.S.C. § 255(a)

68.     As a result of Defendants' unlawful acts, Plaintiffs have been deprived of compensation for all time worked and proper overtime compensation and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, and attorneys' fees and costs, pursuant to 29 U.S.C. § 216(b).

**SECOND CAUSE OF ACTION**
**Violation of the Virginia Minimum Wage Act**
**Virginia Code § 40.1-28.8 *et seq.***
**Brought by Named Plaintiffs on Behalf of Themselves and all Similarly Situated Employees**

69.     Plaintiffs hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

70.     At all relevant times, Defendants have employed, and/or continue to employ, Plaintiffs within the meaning of the VMWA.

71.     Defendants employ Named Plaintiffs, and similarly situated employees, within the Commonwealth of Virginia.

72.     Virginia Code § 40.1-28.8 *et seq.* provides that "[f]rom May 1, 2021, until January 1, 2022, every employer shall pay to each of its employees' wages at a rate not less than the greater of (i) $9.50 per hour or (ii) the federal minimum wage. . . . From January 1, 2022, until January 1, 2023, . . . wages at a rate not less than the greater of (i) $11.00 per hour or (ii) the federal minimum wage. . . . [and] From January 1, 2023, until January 1, 2025, . . . wages at a rate not less than the greater of (i) $12.00 per hour or (ii) the federal minimum wage.

73.     During the relevant time period, Defendants paid Plaintiffs and class members less than minimum wages when they did not pay Plaintiffs and class members for all hours worked. To the extent these hours do not qualify for the payment of overtime, Plaintiffs and class members were not being paid at least minimum wages for their work.

74.     During the relevant time period, Defendants regularly failed to pay at least

minimum wages to Plaintiffs and class members for all hours worked pursuant to Virginia Code § 40.1-28.10.

75.    Defendants' failure to pay Plaintiffs and class members the required minimum wages violate Virginia Code § 40.1-28.10.  Pursuant to Virginia Code § 40.1-29, Plaintiffs and class members are entitled to recover the unpaid balance of their minimum wage compensation as well as interest, costs, and attorneys' fees.

76.    Pursuant to Virginia Code § 40.1-28.12, Plaintiff and class members are entitled to recover the wages unlawfully unpaid, 8% prejudgment per annum, and reasonable attorneys' fees and costs.

77.    Pursuant to Virginia Code § 40.1-28.11, Defendants knowingly and intentionally violated the VMWA; thus, Plaintiffs request the Court assess fines on Defendants of $200 for each violation.

78.    All Defendants are jointly and severally liable to the Plaintiffs for violations of the VMWA, including any "penalties, criminal and civil." Va. Code Ann. § 11-4.6(c).

### THIRD CAUSE OF ACTION
**Violation of the Virginia Wage Payment Act**
**For Failure to Pay Proper Wages**
**Virginia Code § 40.1-29** *et seq.*
**Brought by Named Plaintiffs on Behalf of Themselves and all Similarly Situated Employees**

79.    Plaintiffs hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

80.    At all relevant times, Defendants have employed, and/or continue to employ, Plaintiffs within the meaning of the VWPA.

81.    Defendants employ Named Plaintiffs, and similarly situated employees, within the Commonwealth of Virginia.

82. Virginia Code § 40.1-29 *et seq.* provides that it is unlawful to employ persons and not pay them for all time worked.

83. Virginia Code § 40.1-29 *et seq.* also prohibits any withholdings from the earned wages of employees without their written and signed authorization.

84. Pursuant to Virginia Code § 40.1-29 *et seq.*, during the relevant time period, Defendants were required to compensate Plaintiffs and class members for all hours worked, including overtime hours worked.

85. Plaintiffs and class members were entitled to the protections of the VWPA.

86. During the relevant time period, Defendants failed to pay Plaintiffs and class members wages for all hours worked.

87. In violation of the VWPA, Defendants have knowingly and willfully refused to perform their obligations and compensate Plaintiffs and class members for all wages earned and all hours worked, including unpaid work performed as alleged above.

88. Defendants' failure to pay Plaintiffs and class members the unpaid balance of compensation, as required by Virginia law, violates the provisions of the VWPA, and is therefore unlawful.

89. Pursuant to the VWPA, Plaintiffs and class members are entitled to recover their unpaid overtime as well as an additional equal amount as liquidated damages, interest, costs, and attorneys' fees. Additionally, because Defendants knowingly failed to pay wages to Plaintiffs in accordance with the VWPA, Plaintiffs are entitled to an amount equal to triple the amount of wages due.

90. All Defendants are jointly and severally liable to the Plaintiffs for violations of the VWPA, including any "penalties, criminal and civil." Va. Code Ann. § 11-4.6(c).

## FOURTH CAUSE OF ACTION

### Violation of the Virginia Wage Payment Act
### For Failure to Provide Accurate Itemized Wage Statements
### Virginia Code § 40.1-29 *et seq.*
### Brought by Named Plaintiffs on Behalf of Themselves and all Similarly Situated Employees

91.    Plaintiffs hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

92.    At all relevant times, Defendants have employed, and/or continue to employ, Plaintiffs within the meaning of the VWPA.

93.    Defendants employ Named Plaintiffs, and similarly situated employees, within the Commonwealth of Virginia.

94.    Virginia Code § 40.1-29(C) requires Defendants to provide each employee with an accurate wage statement, in writing, by a paystub or online accounting, that shows the name and address of the employer; the number of hours worked during the pay period if the employee is paid on the basis of (i) the number of hours worked . . . ; the rate of pay; the gross wages earned by the employee during the pay period; and the amount and purpose of any deductions therefrom. The paystub or online accounting shall include sufficient information to enable the employee to determine how the gross and net pay were calculated.

95.    During the relevant time period, Defendants have knowingly and intentionally failed to comply with Virginia Code § 40.1-29(C) on wage statements that were provided to Plaintiffs and class members.  The deficiencies include, among other things, the failure to correctly state the gross and net wages earned, total hours worked and all applicable hourly rates in effect and the number of hours worked at each hourly rate by Plaintiffs and class members.

96.    As a result of Defendants' knowing and intentional failure to comply with Virginia Code § 40.1-29(C), Plaintiffs and class members have suffered injury and damage to their

statutorily-protected rights. Specifically, Plaintiffs and class members are deemed to suffer an injury pursuant to Virginia Code §§ 40.1-29(E) and 40.1-29(K) where, as here, Defendants knowingly violated Virginia Code 40.1-29(C). Plaintiffs and class members were denied both their legal right to receive, and their protected interest in receiving, accurate itemized wage statements under Virginia Code 40.1-29(C). In addition, because Defendants failed to provide the accurate rates of pay on wage statements, Defendants have prevented Plaintiffs and class members from determining if all hours worked were paid at the appropriate rate and the extent of the underpayment. Plaintiffs have had to file this lawsuit in order to analyze the extent of the underpayment, thereby causing Plaintiffs to incur expenses and lost time. Plaintiffs would not have had to engage in these efforts and incur these costs had Defendants provided the accurate hours worked, wages earned, and rates of pay. This has also delayed Plaintiffs' ability to demand and recover the underpayment of wages from Defendants.

97.     Pursuant to Virginia Code 40.1-29(J), Plaintiffs are entitled to recover payment of their unpaid wages, an additional equal amount as liquidated damages, plus 8% prejudgment interest per annum thereon, reasonable attorney fees and cost, and treble damages and civil monetary penalties due to Defendants' knowingly failing to pay Plaintiffs all earned wages.

### FIFTH CAUSE OF ACTION
**Violation of the Virginia Overtime Wage Act**
**For Failure to Pay Proper Overtime Compensation**
**Virginia Code § 40.1-29.2 *et seq.***
**Brought by Named Plaintiffs on Behalf of Themselves and all Similarly Situated Employees**

98.     Plaintiffs hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

99.     At all relevant times, Defendants have employed, and/or continue to employ, Plaintiffs within the meaning of the VOWA.

100.    Defendants employed Named Plaintiffs, and similarly situated employees, within the Commonwealth of Virginia.

101.    Virginia Code § 40.1-29 and 29.2 *et seq.* provides that it is unlawful to employ persons for over forty (40) hours in a workweek without compensating them at a rate of pay of one and one-half times the person's regular rate of pay.

102.    Pursuant to Virginia Code § 40.1-29 and 29.2 *et seq.*, during the relevant time period, Defendant was required to compensate Named Plaintiffs and class members for all overtime hours worked, calculated at one and one-half (1½) times the regular rate of pay for hours worked in excess of forty (40) hours per week.

103.    Named Plaintiffs and class members were non-exempt employees entitled to the protections of the VWPA and VOWA.

104.    During the relevant time period, Defendants failed to pay Named Plaintiffs and class members overtime wages for all overtime hours worked.

105.    In violation of the VWPA, and VOWA, Defendants have knowingly and willfully refused to perform their obligations and compensate Named Plaintiffs and class members for all wages earned and all hours worked, including unpaid work performed as alleged above.

106.    Defendants' failure to pay Named Plaintiffs and class members the unpaid balance of overtime compensation, as required by Virginia law, violates the provisions of the VWPA, and VOWA, and is therefore unlawful.

107.    Pursuant to the VWPA, and VOWA, Named Plaintiffs and class members are entitled to recover all damages and relief available under those statutes.

108.    All Defendants are jointly and severally liable to the Plaintiffs for the violations of the overtime provisions of the VOWA pursuant to Va. Code Ann. § 11-4.6(B).

## PRAYER FOR RELIEF

Plaintiffs, on their own behalf and on behalf of all others similarly situated, pray for relief and judgment against Defendants, jointly and severally, as follows:

1.    For certification of this action as a collective action under the FLSA;

2.    For certification of the Class alleged by Named Plaintiffs pursuant to Rule 23 of the Federal Rules of Civil Procedure;

3.    To issue notice of this collective action at the earliest possible time, or allow Named Plaintiffs to do so, to all individuals who were, are, or will be employed by Defendants in the United States as laborers, finishers, demolishers, painters, or similar positions who were not compensated for all of their hours worked, including, but not limited to, above forty (40) per week, and/or who were not paid overtime compensation at the proper overtime rate, within three (3) years prior to the commencement of this action, through the date of judgment or final disposition in this action.  Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

4.    For appointment of Named Plaintiffs as the class representatives;

5.    For appointment of Robert W.T. Tucci of Zipin, Amster, and Greenberg, LLC, as lead class counsel for all purposes;

6.    For certification of this action as a class action under the VMWA, VWPA, and VOWA and designate Named Plaintiffs as the representatives on behalf of all those similarly situated under the VMWA, VWPA, and VOWA state law class claims;

7.    Award Plaintiffs and all those similarly situated Class Plaintiffs actual damages in the amount of all wages found due to Plaintiffs and those similarly situated Class Plaintiffs and an

award of liquidated damages as provided by the FLSA, VMWA, VWPA, and VOWA, including an award of treble damages if the Court deems so appropriate;

8.    Award Plaintiffs and all those similarly situated Class Plaintiffs pre- and post-judgment interest at the statutory rate;

9.    Award Plaintiffs attorneys' fees, costs, and interest pursuant to the FLSA, U.S.C. § 216(b), and pursuant to the VMWA, VWPA, and VOWA; and

10.    Award Named Plaintiffs and all those similarly situated Plaintiffs and Class Members further legal and/or equitable relief as this Court deems necessary, just and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs hereby demand a trial by jury on all issues so triable.

Respectfully Submitted,

/s/ *Robert Tucci*
Robert W.T. Tucci
Virginia State Bar No. 97446
ZIPIN, AMSTER, & GREENBERG LLC
8757 Georgia Avenue, Suite 400
Silver Spring, Maryland 20910
Telephone:    (301) 587-9373
Facsimile:    (240) 839-9142
E-Mail: rtucci@zagfirm.com

*Counsel for Named Plaintiffs*
*and all others similarly situated*